185 U. S. 27; *Stratford v. City of Montgomery*, 110 Ala. 619.

The plaintiff's conduct in the transaction being lawful and not in violation of the said ordinance, we are of the opinion that its provisions can be of no avail to the defendant in this action.

The defendant suggests that the trial court should not enter a *pro forma* order overruling a motion for a new trial. We concur in the suggestion. But there is no *pro forma* order overruling the motion for a new trial in this record.

The judgment is affirmed.

*Affirmed.*

---

**Paul Matt and Charles Matt, Defendants in Error, v. Jacob Matt, Plaintiff in Error.**

**Gen. No. 17,818. (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed October 13, 1913.

### Statement of the Case.

Action by Paul Matt and Charles Matt, minors, by Charles Matt, their guardian, against Jacob Matt to recover Five Hundred Dollars claimed to be due them from the defendant. From a judgment for plaintiffs for sum sued for, defendant brings error.

EDWARD R. LITZINGER, for plaintiff in error.

JOHN C. KING & JAMES D. POWER, for defendants in error.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. LIMITATION OF ACTIONS, § 37*—*suits by minors.* In an action by minors to recover money due, defendant cannot invoke the statute of limitations, since under statute of limitations, Ch. 83, § 21; J. & A. ¶ 7216, such plea is not good.

2. GUARDIAN AND WARD, § 24*—*power of guardian to contract.* An agreement between a person owing minors and their guardian whereby the former agreed to pay when he collected certain mortgages, *held* not binding on the wards.

3. PAYMENT, § 9*—*agreement as to time of, construed.* An agreement to pay a sum due when certain mortgages are collected is not a condition precedent to commencing suit therefor; it only gives a reasonable time to make the collection and pay the sum due.

---

## Arthur Grey, Trustee, Defendant in Error, v. Julius Cohen et al., copartners as Cohen, Bloom & Company, Plaintiffs in Error.

## Gen. No. 17,759.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits sufficient.* Affidavit of merits stating that affiant believes he has a good defense to the suit on the merits to the whole of plaintiff's demand, and that the nature of the defense is that the account sued on was not assigned to plaintiff, and that the account was paid by defendant to the person entitled, *held* to set up a good defense.

2. MUNICIPAL COURT OF CHICAGO, § 23*—*validity of statute governing writ of error.* Section 23 of Municipal Court Act, J. & A. ¶ 3335, in so far as it requires a writ of error to be sued out within thirty days after entry of final judgment, is invalid.

3. MUNICIPAL COURT OF CHICAGO, · § 25*—*time for suing out writ of error.* Time for suing out a writ of error from the Municipal Court is governed by the Practice Act.

4. MUNICIPAL COURT OF CHICAGO, § 26*—*when bill of exceptions or statement of facts may be stricken.* Where record does not show that bill of exceptions or statement of facts was presented, signed

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.